UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RAINELL CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-366-TRM-DCP |
| ) | |
| EAGLE TRANZ, INC., and ) | |
| VARINDER PAL SINGH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Sanctions [Doc. 47] and Defendants' Response to Order to Show Cause [Doc. 52]. The Court has considered the parties' positions in their filings and the procedural history of this case. Accordingly, for the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** [**Doc. 47**] Plaintiff's Motion.

**I.      BACKGROUND**

The Complaint in this case stems from a vehicular accident. Specifically, the Complaint alleges that Plaintiff backed her vehicle into a parking spot at the Love's Travel Shop in Dandridge, Tennessee. [Doc. 1 at ¶ 10]. At that time, Defendant Singh was operating a 2018 Kenworth Tractor-Trailer, and he stopped within the fuel island for fuel. [*Id*. at ¶ 11]. The Complaint states that Defendant Singh did not set the air brakes, and his tractor-trailer rolled backwards striking Plaintiff's vehicle. [*Id.* at ¶ 12]. The Complaint alleges that, at the time of the accident, Defendant Singh was driving in the course and scope of his employment with Defendant Eagle Tranz, Inc. ("Eagle Tranz"). [*Id.* at ¶ 14]. Plaintiff alleges negligence and negligence per se and requests

damages for her injuries. [*Id.* at 5]. In their Answer, Defendants admit that Defendant Singh did not set the air brakes in his tractor-trailer and that it rolled backwards and came into contact with Plaintiff's vehicle. [Doc. 7 at ¶ 12].

On March 31, 2021, Plaintiff filed a motion to compel discovery [Doc. 34], stating that she served Defendants with her First Set of Interrogatories and First Requests for Production of Documents ("Discovery Requests") on December 31, 2020, and despite multiple extensions, Defendants had not responded. Defendants did not respond to Plaintiff's motion to compel discovery, and therefore, the Court granted in part Plaintiff's motion to compel and directed Defendants to respond to the Discovery Requests within fourteen (14) days (*i.e.,* May 4, 2021) [Doc. 35].[1] The Court warned Defendants that failure to respond may lead to sanctions, including default judgment.

On May 26, 2021, the parties filed a joint motion [Doc. 36], requesting that the deadlines contained in the Scheduling Order be extended because Plaintiff was still seeking treatment for her injuries and Defendants were under a Court Order to respond to discovery but were not able to respond. The Court extended the deadlines [Doc. 39] and also ordered the parties to mediation. [Doc. 38]. The parties participated in mediation on October 21, 2021, but were unsuccessful in resolving the case.

Plaintiff filed the instant Motion on October 22, 2021. Plaintiff states that Defendants have not responded to the Discovery Requests. In addition, Plaintiff states that Defendant Singh failed to attend his properly noticed deposition. Plaintiff states that Defendants' conduct has hampered her ability to pursue her claims. The Motion seeks (1) an order deeming Plaintiff's allegations in

---

[1] The Court declined to award sanctions because Plaintiff did not explain the sanctions she sought. [Doc. 35].

the Complaint admitted, (2) default judgment against Defendants, (3) an order prohibiting Defendants from opposing Plaintiff's claims for liability and damages, (4) an order prohibiting Defendants from raising any defenses at trial, (5) an order prohibiting Defendants from introducing any evidence or presenting any witnesses at trial, and (6) an order allowing Plaintiff's counsel to submit an affidavit in support of an award of attorney's fees.

Defendants did not respond to Plaintiff's Motion, and therefore, on December 1, 2021, the Court entered an Order [Doc. 50] directing Defendants to show cause as to why Plaintiff's Motion should not be granted. Defendants responded [Doc. 52] to the Court's Order, requesting that Plaintiff's Motion be denied. With respect to Defendant Singh, defense counsel explains that they have lost all contact with him, despite numerous prior and continued attempts.

Defendant Eagle Tranz acknowledges that its discovery responses are unreasonably late. Defendant Eagle Tranz states that it produced responsive documents last week and that a number of circumstances have contributed to the delay in production as follows: (1) Defendant Eagle Tranz has experienced staff turnover, (2) the person responsible for compiling and maintaining documents at the time of the accident and at the time the Discovery Requests were served is no longer employed with Defendant Eagle Tranz, (3) Defendant Eagle Tranz has moved its corporate headquarters from Fresno, California, to Phoenix, Arizona, (4) Defendant Eagle Tranz changed its name to "Eagle Trans" with a corresponding change to respective e-mail addresses and corporate telephone numbers, which delayed communication with its Tennessee counsel for an extended period of time, and (5) Defendant Eagle Tranz learned that an outside, third-party consultant group, Transportation Safety Consultants, Inc., possesses many of the documents related to Defendant Singh's pre-employment records.

3

Case 3:20-cv-00366-TRM-DCP   Document 53   Filed 12/16/21   Page 3 of 8   PageID #: 240

In addition, Eagle Tranz states that it is in the process of bringing counsel from Phoenix, Arizona, on board to assist in the document production and the deposition of the corporate representative, which Plaintiff has agreed to take on January 28, 2022. The Response states that Defendants have admitted liability and that the remaining issues in this case are the extent and amount of Plaintiff's damages. Further, the Response states that while Defendant Singh did not attend his deposition, he has admitted fault for the accident and has acknowledged he failed to set his air brake while he stopped for gas, which allowed his truck to roll into the parked vehicle occupied by Plaintiff. Defendants request that Plaintiff's Motion be denied.

## II. ANALYSIS

Accordingly, the Court has considered the filings summarized above and the procedural history of this case, and for the reasons more fully explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Sanctions [**Doc. 47**].

As mentioned above, Plaintiff moves for various relief because Defendants did not comply with the Court's Order [Doc. 35] to respond to the Discovery Requests by May 4, 2021, and Defendant Singh did not attend his deposition that was noticed for June 24, 2021. *See* [Doc. 40]. Federal Rule of Civil Procedure 37(b)(2) provides a list of sanctions when parties do not comply with a discovery order. Specifically, Rule 37(b)(2) states that the court may issue "further just orders," which may include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;

> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Rule further provides:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). With respect to failing to appear for a deposition, Rule 37(d) provides that the Court may order the sanctions listed in Rule 36(b)(2)(A)(i)-(vi).

As an initial matter, Plaintiff simply lists various sanctions, requesting that they all be entered, but she does not sufficiently explain why all the sanctions are appropriate under Rule 37. The Court notes that if all the requested sanctions were granted, such would essentially result in a default judgment against Defendants (which has also been requested). Thus, the Court will analyze the Motion as a request for a default judgment against Defendants. The Sixth Circuit has directed courts to consider four factors when determining whether dismissal or default is an appropriate sanction for failure to comply with the discovery obligations or other court order as follows:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

5

*Mager v. Wisconsin Cent. Ltd.,* 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)) (other quotations omitted).

The Court has strongly considered recommending a default judgment for Defendants' failure to comply with the Court's Order [Doc. 35] and Defendant Singh's failure to attend his deposition.[2] The Court has also considered recommending a default judgment given that Defendants failed to respond to Plaintiff's Motion and only filed their Response after the Court directed them to do so. The Court, however, has weighed the above factors and finds that they slightly weigh in favor of denying Plaintiff's request for dispositive relief.

With respect to the first factor, "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager*, 942 F.3d at 837 (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Given Defendant Eagle Tranz's explanation in its Response as to why it has not produced responses to the Discovery Requests, the Court cannot find that its actions, or lack thereof, were motivated to thwart the judicial proceedings or show a reckless disregard thereof. The Court furthers observes that Defendant Eagle Tranz has somewhat participated in this case as the parties recently mediated on October 21, 2021.

---

[2] The Court has also considered whether it is appropriate to recommend a default judgment against only Defendant Singh given that he failed to comply with the Court's Order [Doc. 35], he did not attend his deposition, and his counsel cannot contact him despite numerous attempts to do so. It appears to the Court that Defendant Singh has lost interest in defending this action. Plaintiff's Motion, however, requests dispositive sanctions against both Defendants. Even though Defendants do not dispute liability, the parties have not briefed how a default judgment against Defendant Singh could affect Defendant Eagle Tranz. *See generally Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474 (Table), 1988 WL 93305, at *3 (6th Cir. 1988) (explaining that entering a final decree against one defendant on the merits while the other defendants remained in the case could result in inconsistent verdicts) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). In absence of any briefing, the Court declines to recommend a default judgment against only Defendant Singh.

6

With respect to the second factor (*i.e.*, prejudice to Plaintiff), the Court finds that it slightly weighs in favor of granting Plaintiff's Motion. The Court finds that Defendants' failure to participate in discovery has generally affected this case causing some prejudice. *See* [Doc. 48]. The Court notes, however, that Plaintiff has not sufficiently explained how Defendants' conduct has hampered her ability to pursue her claims given that Defendants have admitted liability and the remaining issues are the extent of Plaintiff's injuries and whether they are related to the accident. It seems that the most important discovery would be directed to Plaintiff. In addition, the Court also observes that Plaintiff filed the instant Motion six (6) months after Defendants' deadline to respond to the Discovery Requests and after the parties attended the mediation. Thus, the Court finds this factor slightly weighs in favor of granting Plaintiff's Motion.

With respect to the third factor, the Court previously warned Defendants that the failure to comply with the Court's Order [Doc. 35] may lead to sanctions, including default judgment. Thus, this factor weighs in favor of granting the Motion. Finally, the Court must also consider whether less drastic sanctions were previously imposed or considered. The Court has not imposed less drastic sanctions, and the Court is encouraged that less drastic sanctions (as explained below) will correct Defendant Eagle Tranz's deficiencies.

Accordingly, the Court has weighed the above factors, and the Court finds that they weigh in favor of denying Plaintiff's request for dispositive relief. Moving forward, the Court expects Defendants to comply with all orders from the Court and the Federal Rules of Civil Procedure. The Court **ADMONISHES** Defendants that future discovery abuses of similar magnitude will lead to additional sanctions, including entering a default judgment against them. Fed. R. Civ. P. 37(b)(2). Defendants should construe this Memorandum and Order as their final warning.

Further, and as explained above, Rule 37 states that the Court must order the disobedient party to pay reasonable expenses, unless the failure was substantially justified. The Court does not find that Defendants' failures were substantially justified, and the Court further finds that Plaintiff is entitled to her reasonable expenses, including attorney's fees, incurred with respect to her Motion for Sanctions [Doc. 47] and the related filings.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Sanctions. [**Doc. 47**]. Plaintiff **SHALL** provide Defendants, within fourteen (14) days of this Memorandum and Order, with her reasonable expenses, including attorney's fees, that were incurred with respect to her Motion for Sanctions and the related filings. If the parties cannot agree on the reasonableness of Plaintiff's expenses, after a meaningful meet and confer, they may bring the matter to the Court's attention.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge